**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000098
03-MAY-2012
10:14 AM**

NO. CAAP-11-0000098

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THE ESTATE
OF
MARY CORREA BOVEE, Deceased.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 88-0030)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Petitioner-Appellant Edward A. Smith (Smith) appeals
*pro se* from the judgment[1] (Judgment) filed on March 9, 2011 in
the Circuit Court of the First Circuit (probate court).  The

---

[1]  The title of the judgment is "Judgment pursuant to Order Denying
Petition for Hearing In Regard to 560:2-516 (Refuse to Deliver Documents)
Probate No. 88-0030 560:3-1005 & 1006 Fraudulent Filing as Trustee to Estate,
Fraudulent Financial Disclosure to Probate Court Per Deceased Bank Account and
Resale Value of Real-A-State Property; 560:3-1201 Collection of Personal
Property, By Written Request Denied, By Written Verbal Abuse & Physical
Threats of Bodily Injury; 560:3-1202 Effect of Affidavit:  Same as Violation
of Court Order to Divide on Behalf of Persons Entitled to Estate (Which Also
is Violated); 710-1077 Impersonator Trustee to Estate Violates (G) and (C) of
710-1077, by Refusing to Divide Shares of Estate with Petitioner, in Regard to
$165,000.00 Sold-Real Estate Property and $150,000.00 Dollars Clear Cash out
of Court Medical Malpractice Case of Deceased Our Mother Mary C. Bovee, Before
her 1989 Death on Oahu. Petitioner Request Protection Under Action to Recover
Value of Property as a Result of Fraud, Physical Personal Injury. in
Connection with Criminal Contempt of Probate Court.  (1996, c288, pt of § 1;
am L 1997, c244, § 120) Filed October 22, 2009 and Petition for Hearing Date
by Petitioner, as it Relates to (Stolen Will Document) Bank Documents,
Refusing to Deliver/Release Documents & Contempt of Probate Court Orders,
Dated 7-17-1989 by Judge of Said Order Philip J. Chun Case No. 88-0030 Mary C.
Bovee Deceased filed October 22, 2009" (Order Denying Petitions).

The Honorable Derrick H.M. Chan presided.

probate court denied two petitions (Petitions) filed *pro se* by Smith on October 22, 2009. On appeal, Smith appears to argue that the probate court erred in denying the Petitions after he provided the court with additional information to aid its review, as per the court's request.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Smith's points of error as follows:

In the Petitions, Smith appears to have claimed that his brother, Lawrence Smith, Jr. (Lawrence), and/or other individuals fraudulently conspired to make Lawrence the Personal Representative of the estate of their mother, Mary C. Bovee, also known as Mary Correa Bovee (Bovee); misrepresented the value of the estate; failed to report the existence of additional estate assets; and intentionally withheld Smith's distribution.

Smith claimed that Lawrence committed "'contempt' of probate court and other violations of law," and cited to Hawaii Revised Statutes (HRS) §§ 560:2-516,[2] 560:3-1004,[3] 560:3-1005,[4]

---

[2] HRS § 560:2-516 (2006 Repl.) provides in relevant part:

§560:2-516 **Duty of custodian of will; liability.**
After the death of a testator and on request of an interested person, a person having custody of a will of the testator shall either deliver it with reasonable promptness to a person able to secure its probate or if none is known, deposit it with an appropriate court. A person who knowingly and wilfully fails to so deliver or deposit a will is liable to any person aggrieved for any damages that may be sustained by the failure, and the court may award treble damages. . . .

[3] HRS § 560:3-1004 (2006 Repl.) provides in relevant part:

§560:3-1004 **Liability of distributees to claimants.**
After assets of an estate have been distributed and subject to section 560:3-1006, an undischarged claim not barred may be prosecuted in a proceeding against one or more distributees. . . .

[4] HRS § 560:3-1005 (2006 Repl.) provides in relevant part:

(continued...)

560:3-1006,[5] 560:3-1201,[6] and 710-1077.[7]  He repeatedly accused
Lawrence and others of committing fraud and embezzlement against

---

[4](...continued)
§560:3-1005 Limitations on proceedings against
personal representative.  Unless previously barred by
adjudication and except as provided in the closing
statement, the rights of successors and of creditors whose
claims have not otherwise been barred against the personal
representative for breach of fiduciary duty are barred
unless a proceeding to assert the same is commenced within
six months after the filing of the closing statement.  The
rights thus barred do not include rights to recover from a
personal representative for fraud, misrepresentation, or
inadequate disclosure related to the settlement of the
decedent's estate.

[5]  HRS § 560:3-1006 (2006 Repl.) provides in relevant part:

§560:3-1006 Limitations on actions and proceedings
against distributees.  Unless previously adjudicated in a
formal testacy proceeding or in a proceeding settling the
accounts of a personal representative or otherwise barred,
the claim of a claimant to recover from a distributee who is
liable to pay the claim, and the right of an heir or devisee
. . . to recover property improperly distributed or its
value from any distributee is forever barred at the later of
three years after the decedent's death or one year after the
time of its distribution thereof . . . .  This section does
not bar an action to recover property or value received as a
result of fraud.

[6]  HRS § 560:3-1201 (2006 Repl.) provides in relevant part:

§560:3-1201 Collection of personal property by
affidavit.  (a) Any person indebted to the decedent or
having possession of tangible personal property or an
instrument evidencing a debt, obligation, stock, chose in
action, or other intangible personal property belonging to
the decedent shall make payment of the indebtedness or
deliver the tangible personal property or an instrument
evidencing the debt, obligation, stock, chose in action, or
other intangible personal property to a person or persons
claimed to be the successor or successors of the decedent .
. . upon being presented a death certificate for the
decedent and an affidavit made by or on behalf of the
claimed successor or successors . . . .

[7]  HRS § 710-1077 (1993 Repl.) provides in relevant part:

§710-1077  Criminal contempt of court. (1)  A person
commits the offense of criminal contempt of court if:
. . . .
(g)  The person knowingly disobeys or resists the
process, injunction, or other mandate of a court[.]

him, without establishing the authority or evidence supporting such claims.

Smith filed the Petitions more than twenty years after the probate court filed its July 17, 1989 Order Approving Final Accounts and Distributing and Settling Estate. We conclude that Smith's appeal lacks merit and the probate court did not err in denying the Petitions. To the extent the Petitions could be construed as having been brought pursuant to Hawai'i Probate Rules (HPR) Rule 36(b), they would be untimely. See HPR Rule 36(b).

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on March 9, 2011, in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, May 3, 2012.

On the briefs:

Edward A. Smith
Petitioner-Appellant
Pro Se

Ronald P. Tongg
for Personal Representative-
Appellee Lawrence Smith, Jr.

Chief Judge

Associate Judge

Associate Judge

4